The opinion of the Court was delivered by
O’Neall, J.
This case depends upon the construction of the tenth section of the Act of 1759: “And whereas, many creditors of the person so sued, and petitioning for his or her discharge, may not be inclined to accept a dividend of such peti *44 tioner’s estate, but will rather wait, in hope of receiving some fuller expectation from the petitioner’s future better fortune ; but inasmuch as the said creditors by note, book account or contract, who through indulgence or better expectation may delay their suits against such petitioner, may become barred by the Act of Limitations of this province: Be it, therefore,' enacted, that any person or persons whatsoever, who shall hereafter be in the custody of the provost marshal of this province, or of his jail-keeper or deputy, and who shall once petition the Justices of this province for his or her discharge, every such person or persons, his or their executors or administrators, shall be incapacitated ever afterwards to plead the Act of Limitations of this province, in bar to any action that may afterwards be brought against him or them, by any person or persons that were his or their creditors, for any demand or cause of action that existed at the time of exhibiting the petition for the discharge of the said person, when in custody. And in case the Act of Limitations of this province shall afterwards be pleaded by any such person or persons, the said plea shall be set aside by the Court where such action shall be brought, upon motion made by the plaintiff or his attorney in such action, upon producing the petition before exhibited by the defendant for his having the benefit of this Act.” (4 Stat. 91.)
What is meant by "exhibiting" his petition? I think now, as I did on circuit, that it does not mean the filing. For exhibiting means to show to any one, and certainly comprehends means of understanding what is wanted. The petition is never exhibited until the prisoner is about to be admitted to the benefit of the Act. Then it may be said to be exhibited.
I think, too, that the meaning is better ascertained by confining it to the time when the discharge takes effect. All debts then existing will be alike affected.
The point, though not exactly decided in King vs. Westendorf, (Dud. 244,) was very nearly approached.
The motion is dismissed.
Wardlaw, Withers and Glover, JJ., concurred.

Motion dismissed.